## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joshua Vincent Ramirez, | ) | Case No. 1:25-cr-200 |
| | ) | |
| Defendant. | ) | |

Defendant is currently in the custody of the United States marshal at the Burleigh Morton Detention Center. On October 1, 2025, he filed a "Motion Amending Bond Conditions." (Doc. No. 31). Therein he requested to be released to The Salvation Army Adult Rehabilitation Center in Phoenix, Arizona, so that he can participate in its residential treatment program. He also advised that his family will make the necessary travel arrangements should the court be inclined to release him.

On October 10, 2025, advising that it was inclined to release Defendant as requested provided that he submitted an acceptable travel plan, the court issued an order deferring its ruling on Defendant's motion pending receipt and review of his proposed travel plan. (Doc. No. 40).

Defendant has now submitted the following travel plan the court's consideration. Defendant has booked a flight from Bismarck, North Dakota, to Phoenix, Arizona, on United Airlines. He is scheduled to depart from Bismarck at 1:58 PM and arrive in Phoenix at 4:51 PM on October 14, 2025. Counsel will transport him to the Bismarck airport. He will be met in Phoenix by his father, who will transport him to The Salvation Army Adult Rehabilitation Center.

Finding Defendant's travel plan acceptable and for the reasons articulated in its earlier order,

the court **GRANTS** Defendant's motion. (Doc No. 31). Defendant shall be released no earlier than 11:30 AM on October 14, 2025, to counsel for transport to the airport in Bismarck. From there he shall fly to Phoenix, Arizona, where he will be met by his father and immediately transported to The Salvation Army Adult Rehabilitation Center. His release shall be subject to the following conditions:

- .(1) Defendant shall not violate federal, state, tribal, or local law while on release.
- (2) Defendant shall appear in court as required and surrender for any sentence imposed.
- (3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.
- (4) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.
- (5) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.
- (6) Defendant shall report to and reside at The Salvation Army Adult Rehabilitation Center in Phoenix, Arizona, fully participate in its programming, and comply with all of its rules and regulations.
- (7) Defendant shall not knowingly or intentionally have any direct or indirect contact

with witness(es) or victim(s), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(8) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from The Salvation Army Adult Rehabilitation Center OR to communicate with The Salvation Army Adult Rehabilitation Center about his progress there.

Any passes allowed by The Salvation Army Adult Rehabilitation Center must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from The Salvation Army Adult Rehabilitation Center, he must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of his anticipated completion date so the court may schedule a hearing to review Defendant's release status.

If Defendant successfully completes The Salvation Army Adult Rehabilitation Center's programming, the Pretrial Services Officer may approve Defendant's transition to an appropriate sober living facility.

(9) Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search

pursuant to this condition.

(10)   Defendant shall not obtain a passport and other foreign travel document(s).

(11)   Defendant shall surrender any passport and other foreign travel document(s) to the Pretrial Services Office.

(12)   Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Services Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

If Defendant is unable to travel to Phoenix, Arizona as anticipated on October 14, 2025, he shall return to the Burleigh Morton Detention Center and the custody of the United States Marshal pending further order.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2025.

*/s/ Clare R. Hochhalter*
Clare. R. Hochhalter, Magistrate Judge
United States Magistrate Judge
